**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalba Ruano et al., </br></br> Plaintiffs, </br></br> vs. </br></br> Burlington Coat Factory Direct Corporation et al., </br></br> Defendants. | No. CV-24-03271-PHX-SPL </br></br> **ORDER** |

Before the Court is Plaintiffs' Motion to Remand (Doc. 11), Defendants' Response (Doc. 13), and Plaintiffs' Reply (Doc. 15). For the following reasons, the Court will grant the Motion and remand to state court.[1]

**I.  BACKGROUND**

On June 4, 2022, Plaintiff Rosalba Ruano allegedly slipped and fell, injuring herself, in the women's restroom at Defendant Burlington Coat Factory Direct Corporation's Mesa, Arizona store. (Doc. 1-3 at 4). Plaintiffs filed their suit in Maricopa County Superior Court. (Doc. 1). On July 30, 2024, Plaintiffs filed their First Amended Complaint ("FAC"), the operative Complaint in this case, in which Plaintiffs bring a claim for negligence and seek damages for their medical expenses and the value of Plaintiffs' "past, present, and future pain, discomfort, suffering, anxiety, loss of love and affection, loss of enjoyment of life,

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

and loss of consortium" in an amount to be proven at trial. (Doc. 1-3 at 4–5). The FAC asserts that the damages sought exceed $50,000. (*Id.* at 3).

On November 21, 2024, Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1) Defendants' removal notice alleges that during a telephonic meeting on October 24, 2024, "Plaintiffs' counsel confirmed that Plaintiffs are seeking damages in excess of $200,000.00." (Doc. 1 at 3). On December 20, 2024, Plaintiffs moved to remand this action to Maricopa County Superior Court for lack of subject matter jurisdiction. (Doc. 11).

## II.   LEGAL STANDARD

Federal courts may exercise removal jurisdiction over a case only if subject-matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116–17 (9th Cir. 2004). The removing party bears the burden of establishing subject-matter jurisdiction as a basis for removal by a preponderance of the evidence. *Id.* at 1117; *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden under 28 U.S.C. § 1441, the removing party must demonstrate that jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). There is a "strong presumption against removal jurisdiction," and such jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted).

Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the case is between citizens of different states. *See* 28 U.S.C. § 1332(a). In a situation where the amount in controversy is unclear from the face of a state-court complaint, "[t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount" by providing "evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). The amount in controversy is "the amount at stake in the underlying litigation," including

compensatory damages, punitive damages, and attorneys' fees awards under fee-shifting statutes, but excluding interests and costs. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A court may look outside the face of the complaint to determine the amount in controversy when it is not stated with specificity in the complaint. *Valdez*, 372 F.3d at 1117. This means that courts may consider allegations made in the notice of removal as well as "summary-judgment-type evidence." *Id.* (internal quotation marks omitted).

Typically, the removing party must file the notice of removal within 30 days after receipt of a copy of the "initial pleading" giving rise to federal jurisdiction. *See* 28 U.S.C. § 1446(b). Alternatively, under § 1446(b)(3),

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). "Generally, the 'order or other paper' requirement of § 1446(b) applies only to documents generated within the state court litigation." *Gonzales v. City of Peoria*, No. CV2100726PHXMTLMHB, 2021 WL 2389892, at *1 n.2 (D. Ariz. June 11, 2021).

### III.    DISCUSSION

Plaintiffs argue that remand is warranted because the Defendants' removal was untimely and procedurally defective. (Doc. 11 at 3–4). Specifically, Plaintiffs argue that Defendants cannot remove the case pursuant to 28 U.S.C. § 1446(b)(3), because Defendants point to the October 24, 2024 telephone call, rather than "a copy of an amended pleading, motion, order or other paper" as the means by which they first ascertained that the case could be removed. (Doc. 11 at 3). On the telephone call, Plaintiffs allegedly proposed a $200,000.00 settlement. (Docs. 11 at 2; 13 at 2). As to the actual damages sought, Defendants argue that Plaintiff has demonstrated $42,703.85 in medical bills and that those bills continue to accrue. (Docs. 13 at 2).

Defendants do not identify, and this Court is unaware of, any case in which a telephonic settlement offer qualifies as an "other paper" under § 1446(b)(3) triggering an extended removal period. *See generally Pontiero v. GEICO Gen. Ins. Co.*, No. EDCV171125JGBDTBX, 2017 WL 3475666, at *4 (C.D. Cal. Aug. 14, 2017) (finding that a phone conversation between the parties discussing punitive damages could not trigger the removal period "because an oral statement is not an 'other paper' indicating that the case is removable"). Instead, in their Response, Defendants point to the parties' Joint Report filed in state court, which was a product of the October 24, 2024 telephone conference, as sufficient to meet the "other paper" requirement. (Doc. 13 at 2). The Joint Report makes no mention of any estimation of damages nor settlement demands. (Doc. 1-7 at 23–26). Defendants argue that the Joint Report's mention of the case's redesignation under Tier II discovery—which applies to Arizona state court matters seeking damages in excess of $50,000—triggers removal § 1446(b)(3). (Doc. 13 at 3). However, Plaintiffs' FAC, filed on July 30, 2024, reveals that while Plaintiffs initially proposed that the case was subject to Tier I discovery, Plaintiffs were clear that "the damages sought exceed $50,000." (Doc. 1-3 at 3). Thus, the Joint Report would not provide any "newly discovered facts" sufficient to support a successive notice of removal. *Griffith v. Christenson Translease Co. Inc.*, No. CV-24-8121-PCT-JFM, 2024 WL 3678568, at *1 (D. Ariz. July 17, 2024), *report and recommendation adopted*, No. CV-24-08121-PCT-DJH, 2024 WL 3676850 (D. Ariz. Aug. 6, 2024).

Moreover, Defendants have not demonstrated that the amount in controversy exceeds $75,000 in this case. An amount in controversy of at least $50,000 does not meet the requisite threshold, and the mere possibility that actual damages may at some point surpass the threshold is not enough to warrant removal under § 1446(b)(3). *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) (holding that a subsequently ascertainable ground for removal pursuant to § 1446(b)(3) must be "unequivocally clear and certain.").

### IV.  CONCLUSION

All told, Defendants failed to timely remove this action or show that an extended

4

removal period pursuant to 28 U.S.C. § 1446(b)(3) is warranted in this case. Additionally, Defendants failed to meet their burden to demonstrate by a *preponderance* of the evidence that the case meets the jurisdictional threshold. The Court cannot conclude that it is more likely than not that the amount in controversy is greater than $75,000. Accordingly,

      **IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 11) is **granted**.

      **IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Maricopa County Superior Court and **terminate** this case.

      Dated this 4th day of February, 2025.

Honorable Steven P. Logan
United States District Judge